**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TELETRACKING TECHNOLOGIES, INC.,

    Plaintiff,

vs.

                                                                   Case No.:

ORLANDO HEALTH, INC.,

    Defendant.

_____/

**<u>VERIFIED COMPLAINT</u>**

Plaintiff TeleTracking Technologies, Inc. ("TeleTracking"), by its undersigned counsel, files this Complaint against Defendant Orlando Health, Inc. ("Orlando Health") and in support thereof states as follows:

**Introduction and Nature of the Action**

1. TeleTracking is a software technology leader, providing hospitals and health systems with critical operational solutions to ensure that no patient waits for the care they need.

2. Orlando Health is a 2,800-bed system that includes 13 wholly-owned hospitals and emergency departments; rehabilitation services, cancer institutes, heart institutes, imaging and laboratory services, wound care centers, physician offices for adults and pediatrics, skilled nursing facilities, an in-patient behavioral health facility, home healthcare services in partnership with LHC Group, and urgent care centers in partnership with CareSpot Urgent Care. Orlando Health's hospitals include: Orlando Health Orlando Regional Medical Center; Orlando Health Dr. P. Phillips Hospital; Orlando Health South Lake Hospital; Orlando Health South Seminole

Hospital; Orlando Health – Health Central Hospital; Orlando Health Arnold Palmer Hospital for Children; Orlando Health Winnie Palmer Hospital for Women & Babies and Orlando Health St. Cloud Hospital.

3. On or about April 4, 2017, TeleTracking and Orlando Health entered into a written agreement, the TeleTracking Subscription and License Agreement ("TSLA"), governing their relationship and Orlando Health's use of TeleTracking's software and information.

4. TeleTracking brings this complaint for preliminary and permanent injunctive relief to prevent Orlando Health from continuing to violate the TSLA by sharing, providing, or otherwise disclosing to any third party, including but not limited to Epic Systems Corporation ("Epic"), a competitor of TeleTracking, the content of TeleTracking's software, source code, technical information, documentation, support or training materials, software plans, designs, or the design or format of any graphical user interface (GUI), reports, results, output generated by the software and/or any other proprietary and confidential information.  TeleTracking also seeks relief requiring Orlando Health to demand from any third party the immediate return of all information shared in violation of the agreement.

5. Upon information and belief, in violation of the TSLA, Orlando Health has also permitted a third party, Epic, to (i) modify or copy TeleTracking's Subscription Service, Software, Documentation, or Deliverables; or (ii) create a derivative work based on the Subscription Service, Software, Documentation, or Deliverables; or (iii) reverse engineer, reverse assemble, disassemble, or decompile any portion of the Subscription Service, Software, Documentation or Deliverables, including, but not limited to, any software utilized by TeleTracking in the provision of the Subscription Service or Software; or (iv) access the

Subscription Service, Software, Documentation, or Deliverables in order to build or develop any commercially available or competitive product or service; or (v) copy features, functions, integrations, Interfaces, reporting formats, or graphics of the Subscription Service, Software, Documentation or Deliverables.

6. Accordingly, TeleTracking seeks all appropriate injunctive, monetary and other relief to remedy these contractual breaches and prevent such further unlawful conduct.

**Parties**

7. TeleTracking is a Delaware corporation with its principal place of business located at The Times Building, 336 Fourth Avenue, Pittsburgh, PA 15222.

8. Orlando Health is a Florida not-for-profit corporation with its principal place of business located at 1414 Kuhl Avenue, MP 2, Orlando, FL 32806.

**Jurisdiction and Venue**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in dispute exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties.

10. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this district, it transacts business in this district, and/or it committed an unlawful or tortious act in this district.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant maintains its principal place of business in this district, it transacts business in this district, it committed an illegal or tortious act in this district, and is otherwise subject to the Court's

personal jurisdiction with respect to this action.

12. Venue is also proper in this Court because the TSLA contains a Florida choice of law and venue provision. See Exhibit 1, Sections 20(i) and (w).

**Facts**

13. TeleTracking and Orlando Health entered into the TSLA on or about April 4, 2017. A true and correct copy of the TSLA is attached hereto as Exhibit 1.

14. Among other obligations, Orlando Health agreed that, "Confidential Information" means (a) any software utilized by TeleTracking in the provision of the Software and respective source code;…(c) each party's technical information, including, but not limited, to TeleTracking's Documentation, Support, training materials, any information relating to software plans, designs, or the design or format of any graphical user interface (GUI), reports, results, and output generated by the Software; (d) each party's business information, including, but not limited to costs, prices, finances, marketing plans, business opportunities, personnel, research, development or know-how, that is designated by the disclosing party as "confidential" or "proprietary" or the receiving party knows, or should reasonably know, is confidential or proprietary;…." See Exhibit 1, TSLA, at Section 1, Definitions (hereinafter "Confidential Information").

15. In the TSLA, Orlando Health also agreed that TeleTracking owns "all rights, title and interest in and to the subscription Service, Software and Documentation, including all training materials, software designs, and the design or format of any graphical user interface (GUI), report, result, or other output generated by the Subscription Service or Software (other than Client Data) and all related Intellectual Property Rights and any Improvements or other

modifications, enhancements, customizations, and derivative works thereof.  In addition, TeleTracking shall have a royalty-free, worldwide, transferable, sub-licensable irrevocable, and perpetual license to use or incorporate into the Subscription Service, Software or Documentation any Client Feedback." Further, "[a]ll rights, title and Interest to all ideas, techniques, know-how, designs, programs, development tools, processes, Integrations, interfaces, enhancements, and other technical information developed by TeleTracking in the course of performing Professional Services, and all Client Feedback pertaining thereto, shall vest solely and exclusively with TeleTracking." See Exhibit 1, TSLA, Section 13(b) (hereinafter "Proprietary Rights").

16.     Further, in Section 13(d) of the TSLA, Orlando Health agreed that it would not, nor would it: "permit any third party to, (i) modify or copy the Subscription Service, Software, Documentation, or Deliverables, or create any derivative works based on the Subscription Service, Software, Documentation, or Deliverables, except that Client may make a reasonable number of copies of the Documentation and Deliverables as necessary to use the Subscription Service or Software;… (iii) reverse engineer, reverse assemble, disassemble, or decompile any portion of the Subscription Service, Software, Documentation or Deliverables, including, but not limited to, any software utilized by TeleTracking in the provision of the Subscription Service or Software; (iv) access the Subscription Service, Software, Documentation, or Deliverables in order to build or develop any commercially available or competitive product or service; (v) copy any features, functions, integrations, Interfaces, reporting formats, or graphics of the Subscription Service, Software, Documentation or Deliverables;…" See Exhibit 1, TSLA, Section 13(d) (hereinafter "Prohibitions").

17.     In addition, Section 14 of the TSLA governs the parties' Confidentiality Obligations and states in relevant part:  "A party will not disclose other than to its employees,

directors, advisors, contractors or agents with a need to know and who are under nondisclosure obligations or use any Confidential Information of the other party, except as reasonably necessary to perform its obligations or exercise its rights pursuant to this Agreement, without the other party's prior written permission." See Exhibit 1, TSLA, Section 14 (hereinafter "Confidentiality Restrictions").

18.     On August 24, 2020, representatives of TeleTracking participated in a meeting, in-person and via video conference, with Orlando Health representatives – Transport Manager, Katy Henderson and Lead Supervisor, Nick Daly ("Hospital Employees") – at Dr. Phillips Hospital of Orlando Health ("Hospital"). The meeting was organized for a current state of assessment of the Hospital's use of TeleTracking's solutions and services and to identify opportunities for improvement.

19.     During the meeting, the Hospital Employees advised TeleTracking that the Hospital will be going live with competing replacement solutions from Epic at the end of January 2021, not in two years as they previously had advised.

20.     During the meeting, the Hospital Employees admitted to, at a minimum, sharing and/or describing for Epic TeleTracking's software platform functionality and the content of TeleTracking's output and reports.

21.     The Hospital Employees stated that they informed Epic that, in order to make the transition to Epic in January 2021, they needed to have the certain functionality available in TeleTracking's platform, reports and solutions not currently available in Epic's competing product(s).

22.     According to the Hospital Employees, Epic had stated that, although it did not

6

currently have the functionality, it would commit to build such functionality by the Hospital's "go-live" date with Epic in January 2021.

23. The Hospital Employees admitted to, in particular, describing TeleTracking's Equipment Return functionality to Epic.

24. The Hospital Employees also informed TeleTracking that they shared with Epic the substance and content of TeleTracking's reports currently used by the Hospital to help with employee improvements in their departments. TeleTracking understands that the Hospital Employees have asked Epic to duplicate the output of these reports.

25. Upon information and belief, Orlando Health has inappropriately shared other Confidential Information with Epic and/or has otherwise violated TeleTracking's Proprietary Rights, in violation of the Confidentiality Restrictions.

26. Upon information and belief, Orlando Health has violated, and/or has aided Epic in violating, one or more of the Prohibitions.

27. On September 3, 2020, TeleTracking sent the required notice under the TSLA to Orlando Health of its material breach of the agreement and sought Orlando Health's immediate assurances that it would abide by its obligations under the TSLA and confirm that all conduct in violation of the TSLA would be stopped (the "Notice"). A true and correct copy of the Notice is attached hereto as Exhibit 2. As of the filing of this Complaint, no such assurances from Orlando Health have been received by TeleTracking.

**COUNT I – BREACH OF CONTRACT – INJUNCTIVE RELIEF**

28. TeleTracking incorporates paragraphs 1 through 27 as though fully set forth at

7

length herein.

29. TeleTracking and Orlando Health are parties to a written agreement which sets forth Orlando Health's obligations with respect to the use and treatment of TeleTracking's software, Confidential Information and/or Proprietary Rights. The agreement sets forth Confidentiality Restrictions and Prohibitions.

30. Orlando Health has breached those obligations by wrongfully disclosing Confidential Information protected by the TSLA to Epic and/or by violating TeleTracking's Proprietary Rights in disclosing such information and materials to Epic.

31. In violation of the Confidentiality Restrictions and the Prohibitions, Orlando Health has also, upon information and belief, permitted a third party, Epic, to (i) modify or copy TeleTracking's Subscription Service, Software, Documentation, or Deliverables; or (ii) create a derivative work based on the Subscription Service, Software, Documentation, or Deliverables; or (iii) reverse engineer, reverse assemble, disassemble, or decompile any portion of the Subscription Service, Software, Documentation or Deliverables, including, but not limited to, any software utilized by TeleTracking in the provision of the Subscription Service or Software; or (iv) access the Subscription Service, Software, Documentation, or Deliverables in order to build or develop any commercially available or competitive product or service; or (v) copy features, functions, integrations, Interfaces, reporting formats, or graphics of the Subscription Service, Software, Documentation or Deliverables.

32. Orlando Health's conduct is in breach of the TSLA and has caused and will continue to cause irreparable harm to TeleTracking if the conduct is not halted immediately.

33. Section 14(d) of the TSLA permits TeleTracking "to seek injunctive relief to

enjoin such acts, without the necessity of proving actual damages or posting bond." See Exhibit 1, TSLA, Section 14(d).

WHEREFORE, TeleTracking respectfully requests that this Court enter judgment in its favor and against Orlando Health and award a preliminary and then permanent injunction requiring Orlando Health to:

1. cease from disclosing or communicating any of TeleTracking's Confidential Information or Proprietary Rights to any third party, including but not limited to Epic, or to use or refer to such information for any purpose other than that permitted by the TSLA.

2. demand that Epic cease and desist from:

    i. modifying or copying the Subscription Service, Software, Documentation, or Deliverables, or creating any derivative works based on the Subscription Service, Software, Documentation, or Deliverables;

    ii. reverse engineering, reverse assembling, disassembling, or decompiling any portion of the Subscription Service, Software, Documentation or Deliverables, including, but not limited to, any software utilized by TeleTracking in the provision of the Subscription Service or Software;

    iii. accessing the Subscription Service, Software, Documentation, or Deliverables in order to build or develop any commercially available or competitive product or service;

    iv. copying any features, functions, integrations, Interfaces, reporting formats, or graphics of the Subscription Service, Software, Documentation or Deliverables.

3. Identify any Confidential Information or Proprietary Rights belonging to TeleTracking that Orlando Health has shared with any third party, including but not limited Epic.

9

    4.    Request the immediate return of any of TeleTracking's Confidential Information or Proprietary Rights information or documentation from Epic and any other third party with whom Orlando Health shared such information.

## COUNT II – BREACH OF CONTRACT – DAMAGES

34. TeleTracking incorporates paragraphs 1 through 27 as though fully set forth at length herein.

35. TeleTracking and Orlando Health are parties to a written agreement which sets forth Orlando Health's obligations with respect to the use and treatment of TeleTracking's software, Confidential Information and/or Proprietary Rights. The agreement sets forth Confidentiality Restrictions and Prohibitions.

36. Orlando Health has breached those obligations by wrongfully disclosing Confidential Information protected by the TSLA to Epic and/or by violating TeleTracking's Proprietary Rights in disclosing such information and materials to Epic.

37. In violation of the Confidentiality Restrictions and the Prohibitions, Orlando Health has also, upon information and belief, permitted a third party, Epic, to (i) modify or copy TeleTracking's Subscription Service, Software, Documentation, or Deliverables; or (ii) create a derivative work based on the Subscription Service, Software, Documentation, or Deliverables; or (iii) reverse engineer, reverse assemble, disassemble, or decompile any portion of the Subscription Service, Software, Documentation or Deliverables, including, but not limited to, any software utilized by TeleTracking in the provision of the Subscription Service or Software; or (iv) access the Subscription Service, Software, Documentation, or Deliverables in order to build or develop any commercially available or competitive product or service; or (v) copy

features, functions, integrations, Interfaces, reporting formats, or graphics of the Subscription Service, Software, Documentation or Deliverables.

38. Orlando Health's conduct is in material breach of the TSLA. As a direct result of this breach, TeleTracking has been damaged and will continue to be damaged in an amount in excess of $75,000 to be proven at trial.

WHEREFORE, TeleTracking respectfully requests that this Court enter judgment in its favor and against Defendant for an amount in excess of $75,000 to be determined at trial, plus costs, interest and any other amount this Court deems just and proper.

## DEMAND FOR JURY TRIAL

TeleTracking demands trial by jury in this action for all issues triable.

Respectfully Submitted,

**BLANK ROME LLP**

/s/ Michelle M. Gervais
MICHELLE M. GERVAIS
Florida Bar No. 173827
201 E. Kennedy Blvd., Suite 520
Tampa, FL 33602
Telephone: (813) 255-2323
Facsimile: (813) 435-2256
MGervais@BlankRome.com
JAYME L. BUTCHER
 (*Pro hac vice* to be filed)
501 Grant Street, Suite 850
Pittsburgh, PA 15219
Phone: (412) 932-2800
Facsimile: (412) 932-2777
jbutcher@BlankRome.com

*Counsel for Plaintiff*
*TeleTracking Technologies, Inc.*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| TELETRACKING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ORLANDO HEALTH, INC., <br><br> Defendant. | |

## VERIFICATION

I, MARIA ROMANO, verify that I am a Clinical Advisor with TeleTracking Technologies, Inc., and that I am authorized to execute this verification on its behalf. Having read the foregoing Verified Complaint, I verify that the facts contained therein are true and correct to the best of my knowledge, information and belief.

I understand that this verification is made subject to the penalties relating to unsworn falsification to authorities, 28 U.S.C. § 1746.

Dated: September 18, 2020

Maria Romano